No. 40,873

LARRY LEROY HICKS, *Appellant,* v. THEODORE APPL, *Appellee.*

(323 P. 2d 922)

Opinion filed April 12, 1958.

*Thomas C. Boone,* of Hays, argued the cause, and *F. F. Wasinger,* also of Hays, was with him on the briefs for the appellant.

*H. Lee Turner,* of Great Bend, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action for damages arising out of an automobile accident. From a judgment for the defendant, plaintiff appeals.

The petition alleged that plaintiff (appellant), Larry LeRoy Hicks, on February 16, 1955, at about 8:00 a. m., was driving his automobile south on U. S. highway No. 281 at a point approximately twelve miles north of St. John, and that defendant (appellee), Theodore Appl, was driving south on the same highway approximately 400 feet ahead of him; that defendant "cut over" into the left-hand lane and slowed down as he approached the intersection of Kansas highway No. 19 and U. S. 281; that plaintiff continued in the right-hand lane of U. S. 281 and proceeded to pass defendant as both vehicles neared the intersection, but that defendant, without warning, turned back in front of plaintiff, who applied his brakes and, in an attempt to avoid a collision, swerved toward the right-hand ditch, where his vehicle overturned, resulting in damage to the automobile and personal injury to the plaintiff. It was further alleged that defendant was guilty of negligence in failing to observe the road and the presence of other vehicles on it, in failing to signal before turning back onto U. S. highway No. 281, in driving his car in front of plaintiff, without warning,

and in driving his car on the wrong (left-hand) side of the high-way.

Defendant answered, alleging that the accident was caused solely by plaintiff's own negligence. Plaintiff replied with a general denial.

After presentation of the evidence by the respective parties, the cause was submitted to the jury under the instructions of the court, to which there was no objection. The jury returned a general verdict for the defendant, and in answer to special questions sub-mitted by the court found that (1) plaintiff immediately prior to the accident was driving at a speed of seventy-five miles an hour; (2) plaintiff's speed was not reasonable and prudent under the circumstances; (3) plaintiff's speed, under the circumstances, was unreasonable and contributed to the accident; (4) plaintiff was 400 to 500 feet behind defendant's vehicle at the time defendant turned back onto U. S. highway No. 281; (5) defendant was guilty of negligence in failing to continue his turn onto Kansas highway No. 19 and in not awaiting an opportunity to return to U. S. 281, and plaintiff saw or, by the exercise of care, should have seen defendant's act of negligence in time to prevent the accident.

Following the overruling of plaintiff's post-trial motions, he appeals, contending that the verdict is contrary to the evidence and the answers to the special questions are inconsistent with each other and with the general verdict. This requires a brief review of the evidence.

Plaintiff testified that on the morning in question he was follow-ing defendant south on U. S. highway No. 281 at a speed of ap-proximately seventy miles an hour; that he and the defendant passed two trucks about 500 to 600 yards north of the intersection of Kansas highway No. 19 with U. S. 281; that, after passing the trucks, defendant continued south in the left-hand lane of U. S. 281 and plaintiff pulled back to the right-hand lane. Both plain-tiff and defendant gradually slowed down as they neared the inter-section; defendant then attempted to make a left-hand turn onto K. 19 without giving any signal or indication of his intention to do so; plaintiff decreased his speed to about sixty-five or sixty miles an hour. When plaintiff reached a point about 200 feet from the intersection, defendant turned sharply back onto U. S. 281 in front of plaintiff, who, in turn, in an attempt to avoid a collision, ran his car into the ditch on the right-hand side of the road. Plaintiff further testified that his brakes were in excellent condition and

both highways in question were blacktop; that he had 200 feet in which to stop after he discovered defendant turning back onto the highway, but that he gave defendant no signal to indicate his presence; that he first observed defendant start to slow down to make the turn onto K. 19 when he was 400 to 500 feet behind him.

The defendant testified that he started to make a left-hand turn onto K. 19, but after discovering it was not his proper road started to turn back onto U. S. 281; that he gave no signal of his intention to make the turn, as he did not observe any automobiles behind him other than a red pickup truck about one-half a mile away; and that he did not see plaintiff's vehicle until after the accident.

Mrs. Ficken testified that at the time of the accident she was sitting in the back seat of defendant's car and as defendant started to turn back onto U. S. 281 she looked back and said, "Hold it, Ted, there's a car coming"; that plaintiff's automobile was then about 450 feet to the rear of defendant's car and traveling at a speed of between eighty and eighty-five miles an hour; and that at no time did she hear plaintiff blow his horn or indicate in any way his desire to pass.

It is a well-established rule in this state that the question of whether a plaintiff is guilty of contributory negligence must be submitted to the jury, if the facts are such that reasonable minds might reach different conclusions thereon. (*McCracken v. Stewart,* 170 Kan. 129, 223 P. 2d 963; *Hukle v. Kimble,* 169 Kan. 438, 219 P. 2d 434.) No useful purpose would be gained in reiterating all the evidence presented at the trial. It is sufficient to note that plaintiff testified he had slowed down to sixty-five or sixty miles an hour and was about 200 feet from the intersection when defendant pulled back onto U. S. 281; that the sheriff who investigated the accident testified the total distance traveled by plaintiff's car with the brakes on indicated a high rate of speed; and that one of defendant's passengers testified plaintiff was traveling from eighty to eighty-five miles an hour just before the accident. There was sufficient evidence to sustain the jury's findings. Indeed, it may fairly be said that this was a fact case; that the questions of defendant's negligence and plaintiff's contributory negligence were questions of fact properly submitted to the jury; and that in view of the record the jury's verdict and findings cannot be disturbed.

Plaintiff further contends that the special finding of defendant's negligence cannot be reconciled with the finding that plaintiff's

failure to drive at a reasonable rate of speed was a contributing cause of the accident. The fact that plaintiff may not have been required to anticipate defendant's making a sharp turn back onto the highway has little or no bearing on the question of plaintiff's contributory negligence as found by the jury. We can see no basis for the claim of inconsistency and can find no merit in either of plaintiff's contentions.

Plaintiff also contends that the trial court erred in refusing his request, made in the absence of the jury, to question the jurors on the *voir dire* examination with regard to their pecuniary interest in a certain insurance company. There is nothing in the record to indicate that insurance was in issue and nothing to show that the substantial rights of plaintiff were prejudiced or that the trial court abused its discretion in refusing his request.

Plaintiff finally contends that defendant's counsel, in his closing argument, made prejudicial remarks regarding plaintiff's failure to call a witness who had been subpoenaed. We have examined the record and find no such remarks nor mention of any proceedings in relation thereto. Counsel for plaintiff candidly admits an honest disagreement as to whether he objected to the statement in question. Since there is no record before us on this point, there is nothing for us to review.

In view of what has been said, the judgment of the trial court is affirmed.

It is so ordered.

JACKSON, J., not participating.